UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSE ZUNIGA,

    Petitioner,

vs.

TOM FELKER, Warden,

    Respondent.

No. C 07-4319 PJH (PR)

**ORDER TO SHOW CAUSE; GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS**

Petitioner, a California prisoner currently incarcerated at High Desert State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

Venue is proper because the conviction was obtained in xxx County, which is in this district. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

A jury found defendant guilty of two counts of first degree residential robbery, while acting in concert with others, and for the benefit of, or in association with, a criminal street gang, *see* Cal. Penal Code §§ 213(a)(1)(A); 186.22(b)(4), and one count of assault with a deadly weapon, *see id.* at § 245(a)(1)). The jury found that defendant personally used a firearm during the robberies and the assault. *See id.* at §§ 12022.53(b) and (e)(1), 12022.5, 1203.06. Defendant was sentenced to a total term of ten years plus fifteen years to life. *People v. Zuniga*, 2007 WL 576138, *1 (Cal. App. 2007). The California Court of Appeal affirmed and the California Supreme Court denied review.

///

///

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases in the Federal District Courts, 28 U.S.C. foll. § 2254.

### B. Legal Claims

As grounds for federal habeas relief, petitioner asserts that: (1) admission of certain hearsay testimony violated his Confrontation Clause rights as described in *Crawford v. Washington*, 541 U.S. 36 (2004); (2) his Confrontation Clause rights were violated by admission of evidence of the guilty pleas of confederates; (3) introduction of the guilty pleas violated section 352 of the California Rules of Evidence; and (4) the trial court's giving an instruction regarding failure to disclose alibi witnesses violated California law.

Issues three and four involve only issues of state law, which cannot be the basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Those issues will be dismissed. The other two issues are sufficient to require a response.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Leave to proceed in forma pauperis (doc 2) is **GRANTED**.

2. Petitioner's issues three and four are **DISMISSED**.

3. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the

2

1  State of California.  The clerk also shall serve a copy of this order on petitioner.

2  4. Respondent shall file with the court and serve on petitioner, within sixty days of
3  the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules
4  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
5  granted.  Respondent shall file with the answer and serve on petitioner a copy of all
6  portions of the state trial record that have been transcribed previously and that are relevant
7  to a determination of the issues presented by the petition.

8  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
9  the court and serving it on respondent within thirty days of his receipt of the answer.

10 5. Respondent may file a motion to dismiss on procedural grounds in lieu of an
11 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
12 Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court
13 and serve on respondent an opposition or statement of non-opposition within thirty days of
14 receipt of the motion, and respondent shall file with the court and serve on petitioner a reply
15 within fifteen days of receipt of any opposition.

16 6. Petitioner is reminded that all communications with the court must be served on
17 respondent by mailing a true copy of the document to respondent's counsel.  Petitioner
18 must keep the court informed of any change of address and must comply with the court's
19 orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
20 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*
21 *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

22 **IT IS SO ORDERED.**
23 Dated:  August 27, 2007.
24                                                         PHYLLIS J. HAMILTON
                                                           United States District Judge

28 G:\PRO-SE\PJH\HC.07\ZUNIGA4319.OSC